[No. 21989. Department One. January 16, 1930.]

JOHN EDGAR, *Appellant*, v. HARTMAN & NATHAN, IN-CORPORATED, *Respondent.*[1]

*Arthur L. Generaux*, for appellant.
*Hull & Murray*, for respondent.

MILLARD, J.—In this case, one for the replevin of machinery, judgment was rendered dismissing the action and requiring the plaintiff to return to the defendant the machinery, or, in lieu thereof, the defendant to recover of the plaintiff five hundred dollars, the value of the property. The plaintiff appeals.

On February 4, 1925 (appellant contends the date was February 14), the Universal Ice Machine and

[1]Reported in 284 Pac. 76.

Supply Company sold to C. J. Thorson, of Lewis county, Washington, under a conditional sale contract, an ice refrigeration unit for the latter's cafe. On February 20, 1925, the Machine and Supply Company assigned the contract to John Edgar, the appellant herein. The conditional sale contract was placed of record with the county auditor of Lewis county February 24, 1925.

On July 6, 1926, Thorson mortgaged his cafe, including the refrigeration unit, to respondent Hartman & Nathan, Inc. The chattel mortgage was timely and properly recorded. Thorson defaulted in payment of the mortgage. Foreclosure proceedings resulted in acquisition of the machinery by the respondent at sheriff's sale April 8, 1927. On March 31, 1927, subsequent to the commencement of the foreclosure action by respondent, the appellant demanded of the respondent surrender of the property, because of the default of Thorson in payment of the last installment due under the contract. It clearly appears that only fifty dollars remained unpaid at that time, and that, on April 6, 1927, two days prior to the sheriff's sale, the fifty dollars was paid on the contract. By this replevin action, the appellant obtained possession of the machinery, having furnished the statutory indemnity bond.

Under the conditional sale contract the title was retained by the Machine and Supply Company, the seller, until the whole purchase price was paid. The machinery was delivered into the possession of Thorson, the buyer. Under the statute, that contract was required to be filed within ten days after the taking of possession by Thorson of the property to render the contract valid as against subsequent mortgagees and creditors claiming under Thorson.

"That all conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to all bona fide purchasers, pledgees, mortgagees, incumbrancers and subsequent creditors, whether or not such creditors have or claim a lien upon such property, unless within ten days after the taking of possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides." Rem. Comp. Stat., § 3790.

Unless the Machine and Supply Company substantially complied with the requirement of the statute as to the filing of the conditional sale contract, that contract was not valid as against the respondent mortgagee, who claims under Thorson. The facts, which are as follows, disclose that the Machine and Supply Company did not comply with the statutory condition of filing, therefore the respondent mortgagee acquired a good title to the machinery.

The contract was executed by the parties and Thorson given possession of the machinery February 4, 1925. The contract was placed of record February 24, 1925, twenty days later. The original copy of the contract retained by the seller shows the date of the execution of the contract as February 14, and that the deferred payments were to be made on the 14th of each succeeding month. The copy, when placed of record, also recited that the contract was executed February 14, and that the installments were to be paid on the 14th of each succeeding month. The copy of the contract given to the buyer reads that the contract was executed February 4th, and that the payments were to be made on the 14th of each succeeding month. An inspection of the seller's copy of the con-

tract reveals that the date has been changed therein. Preceding the "4th" and out of alignment therewith is a typewritten "1." Immediately preceding the "4th day" (the recital as to the monthly installments), someone has written the numeral "1." The trial court was doubtless convinced, as are we, that the change was made without the knowledge or consent of Thorson, and that the contract was executed February 4th, 1925.

The assignment that the court erred in adjudging the property to be of the value of five hundred dollars is without merit. The appellant alleged in his complaint that the machinery was of the value of five hundred and forty dollars. The respondent by answer alleged that the value was five hundred dollars. No issue was raised, therefore, as to the value being less than five hundred dollars.

The judgment should be, and it is, affirmed.

MITCHELL, C. J., PARKER, BEALS, and TOLMAN, JJ., concur.